Donald J. Mark, J.
This is an application by the defendant pursuant to CPL 440.10 (subd 1, par [h]) to vacate a judgment of conviction for attempted robbery in the first degree and other charges entered against the defendant on August 8, 1974, upon the ground that the jury prior to rendering a guilty verdict against the defendant performed an illegal experiment in the jury room.
The defendant has presented uncontroverted affidavits from two of the jurors to the effect that to resolve the issue of identification a Black juror placed a stocking over his face whereby it was determined that an identification could be *645 made under those circumstances. It is also undisputed that the trial court refused to permit an identical experiment because the stocking used in the attempted robbery was not in evidence.
This application is resisted upon the ground, also undisputed, that this information was known to the defendant and his then counsel after the verdict and prior to the sentence, and the defendant failed to move to set aside the verdict pursuant to CPL 330.30 (subd 2). The defendant instead elected to appeal on other grounds and after his conviction was affirmed (49 AD2d 1039) pursued this method of postconviction relief, which the People claim is barred by CPL 440.10 (subd 3, par [a]).
CPL 440.10 (subd 3, par [a]) provides as follows: "Notwithstanding the provisions of subdivision one, the court may deny a motion to vacate a judgment when: (a) Although facts in support of the ground or issue raised upon the motion could with due diligence by the defendant have readily been made to appear on the record in a manner providing adequate basis for review of such ground or issue upon an appeal from the judgment, the defendant unjustifiably failed to adduce such matter prior to sentence and the ground or issue in question was not subsequently determined upon appeal.”
Although no case has been found interpreting this section, the courts of this State have held in analogous situations that post-conviction relief may not be used as a substitute for a second and impermissible appeal.
In People v Brown (13 NY2d 201, cert den 376 US 972), the defendant appealed his conviction upon the ground that the trial court had erred in denying his motion for a psychiatric examination to determine his mental condition. Two years after his conviction was affirmed he brought a coram nobis proceeding to vacate his conviction upon the ground that he had been insane during the trial. The Court of Appeals held he was precluded from attacking his conviction because he had failed to move for a new trial prior to sentence, a denial of which could have been reviewed by the appellate process.
Gamell v Mt. Sinai Hosp. (40 AD2d 1010), although a civil case, is strikingly similar to the instant case. There the plaintiff appealed from an adverse verdict against one defendant and was unsuccessful. Three months later she moved for a new trial upon the ground that certain members of the jury withheld pertinent information during the voir dire examina *646 tian. The application was denied and the court stated (p 1011): "Such conduct * * * is sufficient to defeat the granting of the relief requested * * * A party seeking a new trial may not withhold his application therefor, hoping for favorable disposition on appeal, and if disappointed, only then move for such relief. Such conduct would circumvent the appellate procedure”.
Based upon the decisional law of this State, this application for post-conviction relief is an attempt to avoid the appellate process and must be denied. This application must likewise be denied because it falls squarely within the prohibition of CPL 440.10 (subd 3, par [a]).
Accordingly the motion of the defendant to vacate his judgment of conviction upon the ground of jury misconduct is in all respects denied.